U.S.A. v. Macropolos. Good morning, your honors. Excuse me. I'm Georgia Hind, and I represent the appellate John Macropolis, who appeals his 70-month sentence as substantively greater than necessary and procedurally in error, not only because it is twice as severe as the parties anticipated in their plea agreement, but because it depends first on the characterization of a prior burglary conviction as a crime of violence, despite the absence of qualifying evidence to confirm that sentence-enhancing factor. Do you agree that the plain error standard applies to your procedural... I do, your honor. And here's my problem. How can it be plain error for the district court to do something that this court has specifically reserved decision on? In other words, there's not a case that says you can't rely on the PSR to say, we've checked, and the certificate of disposition says this was burglary of a dwelling. And this court said, that's an interesting question, whether you're allowed to do that. We're not going to decide that. Now, if there was a decision that said you can't do that, and the judge did it anyway, then it might be plain error. But how can it be plain error to do something that's an open question? Well, your honor, I defer, of course, to Judge Cabranes on that, because he wrote Dantzler. But Dantzler, in fact, found plain error on that very question. And the fact that they reserved in Dantzler was... Dantzler was a different case. Dantzler isn't about, as I read it, and I guess we'll see what Judge Cabranes thinks, but as I read it, I thought it was about relying on the pre-sentence report for the facts of what happened, as opposed to relying on the pre-sentence report to say there is a certificate of disposition and it says what it's supposed to say to make this count. Well, I think part of the problem in Dantzler, and my understanding of part of the reason for the remand, was that the adequacy of the underlying documents, some might have been Shepard-approved documents, some might not have been. There were issues of fact, as here, where the district court hadn't actually considered them before. And again, here, the district court never saw the certificate of disposition, as far as we know, because the government only obtained it in February. Yeah, but the government has it now, right? Sure. The other problem with plain error is how can it be a miscarriage of justice to say that the district court relied on somebody's hearsay statement, on the probation officer's hearsay statement of what the certificate of disposition says, when it was accurate. It is what the certificate of disposition says. Well, the certificate of disposition, one, is a presumption that it states what it says accurately, and it's rebuttable, and that's something that has not been litigated in the district court, and I didn't intend to litigate it here, because I was always taught you shouldn't do that. But the second thing is, is it adequate to show that, in fact, the burglary conviction of which Mr. McRopolis was convicted in 2006, which, by the way, was only graded as an aggravated felony when he was before a federal court up north in 2010, and not a crime of violence, whether that should be graded as a crime of violence under any theory that was still available to the district court at the time of his sentencing, when, in fact, New York law on burglary is pretty circular and includes things, as the panel in Welch agreed, that go beyond the categorical-slash-generic definition of burglary. Yeah, but a modified categorical approach, subdivision two is, it's a whatever degree it is, A dwelling. if it's a dwelling. Yes, Your Honor. Subdivision two is what's referred to in the certificate of disposition, is it not? True, Your Honor, but subdivision two says dwelling, and then you go look at New York state law, and what is a dwelling? A dwelling is a building, and a building under New York state definitional law, that's 140.002, I think it is, is a structure that may include not only the, you know, generic version of dwelling that we all think about, but also a watercraft and vehicles, and that takes it, again, outside of, or potentially outside, there's a factual issue, in other words. But here the defense counsel filed a brief with the court, with the district court, saying, conceding, telling the judge that it's a violent felony because it was a burglary of a dwelling. I understand, Your Honor, but those kinds of representations at sentencing have been held by this court not to satisfy any kind of waiver of a defendant's right to challenge a prior conviction. You know, that's something that the government's burden is there. The government doesn't get relieved of the burden because the defense counsel misspeaks at sentencing. And it is a misspeak here because... But there wasn't any misspeaking because we have the certificate of disposition now, and we know what it says. Well, we know it says subdivision two. We don't know what kind of dwelling, whether it was a dwelling that was a building, whether it was a dwelling that was a home, a dwelling that was a watercraft. We don't know any of that from the certificate of disposition. So that's an open question, one. And two, the district court, when it decided, and this is something that should have been objected to below, that the burglary was plainly a crime of violence, did so on the basis of the residual clause that by that point, by the time of his sentencing, in fact had been held unconstitutionally vague. But in fact, isn't burglary of a dwelling specifically listed as a violent crime in the relevant section? Not anymore. No, but it was at the time of the sentencing. True enough. So what is the error? It was enumerated at the time, Judge. And I say, if this were only about going back to say, you've got to look at the certificate of disposition because it is the government's burden, and even when the government is nice enough to stick by the plea agreement, as it was here, you've got to look at the proper documents. And we have to look at them now because, as a matter of fact, six months later, the Sentencing Commission said, hey, burglary isn't a crime of violence, it's a property crime. Yet I think so. You know, it resulted in overly severe sentences, and it did in this case. Well, can you talk about that, about the substantive unreasonability? Sure. If we go back for the purpose of correcting the record to have adequate and challenged consideration of whether or not there are Shepard-approved documents before the court, then presumably we also apply the current definition. If you go back, he's going to get a different guideline because there's new guidelines now. I mean, that's the real... Well, unless it's ex post facto, Judge. No, but the guidelines are better for him now. Sure. If it's better, sure. So if we go back, if there's any reason to remand, he's going to get the benefit of better guidelines, is at least how I read it. Maybe the government will disagree. Do you disagree? No, I think... That's why you want him to go back. Yeah, sure. Yeah, okay. That's the beef. Well, let me actually ask you about that a moment because I'm always interested in these sentencing cases. Assuming you prevail, what do you hope to accomplish on remand exactly? I would very much like to accomplish that he be sentenced with the underlying burglary as an aggravated felony versus a crime of violence, which will reduce his sentence back down to the plea agreement range of 30 to 37 months, and he's 39 at this point, so he would be deported immediately instead of sitting another 30... It would reduce his guideline to that. It wouldn't necessarily reduce his sentence because the judge doesn't have to... Understood, but then the judge would need to justify a 70-month sentence on upward departure or variance or some other ground. Given the discretion of district judges or purported discretion, this may not be a fruitful enterprise on remand. Your Honor, I'm often involved in enterprises that are less than fruitful, but you go for them anyway. That's good. Thank you. Thank you, Your Honors. Good morning. My name is Ryan Harris, and I represent the government on this appeal. Here, the district court did not commit plain procedural error in calculating McRopolis's guidelines range. I'd just like to summarize to the court what's not in dispute in this case. It's not disputed that he was previously convicted of New York Penal Law, Section 140.25, subsection 2. It's reflected in the criminal history report that was disclosed to defense counsel as discovery material, disclosed to the court as an exhibit to the government brief. It's reflected in the defense counsel's sentencing submission in which he affirmatively stated, I was convicted under 140.25, subsection 2. And, of course, it's reflected in the certificate of disposition. Nowhere in the papers has Pellant asserted otherwise. That fact is nowhere disputed. Second, it's not disputed here that this Section 140.25, subsection 2 was the time of sentencing a crime of violence under the applicable guideline. Crime of violence at the time, under Section 201.2, defined it as, among other things, burglary of a dwelling. And that's precisely here, in New York Penal Law 140, Section 25, subsection 2, what that statute prohibits. In fact, the Eleventh Circuit in United States v. Constanza has held that specifically to be the case, that this section constitutes a crime of violence, as burglary of a dwelling under Section 201.2. So there's no dispute here that the district court properly calculated the guidelines range. McRopolis argues, however, that the court committed plain procedural error because it did not directly review the certificate of disposition before categorizing this crime as a crime of violence. However, the PSR cited, too, this Shepard-approved document. As this Court is well aware, this Court in the United States v. Green has held that a certificate of disposition is a Shepard-approved document. Should it bear in any way on our assessment of the substantive reasonableness of the sentence that the Sentencing Commission has abandoned the approach that led to the guideline that affected the sentence and has substituted a set of rules under which the guideline today would be what the government thought it was and stipulated that it was in the first place? Absolutely not, Your Honor. This Court, nor any other court that I'm aware of, has ever held that a subsequent amendment to the guideline can retroactively render a district court sentence substantively unreasonable. In fact, the district court is required to take into account the applicable sentencing guidelines at the time of the sentence. In fact, here, the district court, even if the sentencing guidelines were otherwise, the district court here cited, too, a number of aggravating factors that would amply justify an above-guideline sentence if, in fact, the guidelines were otherwise. Among other things, it cited, too, his lengthy criminal history, noting that due to the age of certain of his prior convictions, the sentencing guidelines, in fact, underrepresented his guidelines, his criminal history. Moreover, it noted that he had an exemplary poor prison disciplinary record, and it noted that he had twice been deported from the United States, been convicted of this prior offense previously, and all of this demonstrated his repeated disregard for the law and his willingness to place his own interests above those of society. Those are factors that are not explicitly taken into account in calculating the guidelines range, and these are aggravating factors that the court is well poised to take into account in calculating what's an appropriate sentence here. Of course, I'm sure Mr. McRopolis wishes or would prefer that the district court discounted the weight of these aggravating factors and perhaps took into account other mitigating factors as more appropriate, but that... Of course, the government represented that a sentence much lower would be sufficient to satisfy all of the purposes of sentencing. Your Honor, the government represented that due to its error, that it was standing by its calculation. However, it also explicitly held that a sentence within the correct guidelines range would not be unreasonable, given the fact the court had articulated these particular factors as being particularly aggravating in its... Well, that it would not be unreasonable is a representation, I guess, about what this court should do with a sentence if the district court saw fit to apply it. But with respect to the standard that the district court was asked to apply, the government took the position that a much lower sentence would be sufficient to satisfy the purposes of sentencing, which is a representation of what the sentence actually should be under Section 3553. Yes, Your Honor, but the question here is not... Our question is whether it's reasonable or not. ...or having articulated the factors that it found to be particularly important, whether that sentence was unreasonable. And I would represent here that it articulated a number of factors that were not taken into account in the sentencing guidelines calculation. Of course, if Ms. Hind could find a highly technical mistake that the district court made that would require a remand, and there were a remand, then the district court, in assessing what was an adequate sentence, would be required to take into account, as one factor, an entirely different guideline calculation. Yes, it would, Your Honor. However, it would also be more than justified. It would be, perhaps it would be, justifiable for the district court to go high in the face of the guidelines. But since we assume that the district court fulfilled her obligation to take the guidelines into account as one of the factors, maybe it would come out differently. That's the perhaps quixotic venture that Ms. Hind would like. I'm not sure there's any legal argument here. The problem is there's a considerable irony in a guideline system that says these guidelines are supposed to be an important factor when they can change from day to day. And if the defense lawyer had managed somehow to delay the sentencing for some months, the sentencing might have gone entirely differently thanks to the change in guideline. I mean, I know that happens all the time. That happens every year, Your Honor. Every year there are amendments to the guidelines, and that does not render every single sentence previous to that retroactively, substantively unreasonable. I'd also note that McRopolis is free to make an application pursuant to 18 U.S.C. section 3582 to have his sentence reduced based on... But he'd lose, right? Because this is not declared retroactive. I believe that's the case, Your Honor. Again, the question is, at the time, was this sentence substantively unreasonable? Getting back to what I think this Court referred to as the potentially technical error, there was no plain error here. This Court in the United States v. Dantzler has explicitly left the door open to this question. I'd just like to quote the Court, the language from Dantzler, an opinion authored by Judge Cabranes. It wrote... Other circuits have either left the door open to this or explicitly approved the practice. The First Circuit has done so in the United States v. Serrano-Mercado. The Fourth Circuit has approved the practice in the United States v. Thompson. And there's a logic to it, right? Because the issue is, what was the prior conviction, as opposed to the issue... The reason we have to look at the Shepard-approved documents is we're looking at what was the prior conviction categorically... Yes. ...not what were the underlying facts. Yes, Your Honor. So we can't rely on the pre-sentence report's investigation as to what the underlying facts were. But the fact of what the... As to a fact that the Court can rely on, which is what was the fact of the prior conviction, it's unclear to me why the pre-sentence report's representation that this is the fact about what the conviction was is any different from any other fact on which the Court is permitted to rely on the pre-sentence report. That's absolutely right, Your Honor. Here, it's very different from, for example, a case like United States v. Reyes, where this Court held that the District Court may not rely on a factual description of the underlying conduct, in part because the factual underlying conduct is not relevant. In Reyes, this Court wrote that the factual description would, quote, at most tell us what Reyes did, not the specific provision of the Florida statute for which he was convicted. Here, precisely the opposite is the case. Here, the certificate of disposition upon which the PSR relied stated this is what he was convicted of. And therefore, Reyes does not control here. Dantzler specifically left this issue open. And other circuits have either declined to address the issue or explicitly approved the practice. This Court has repeatedly held, for example, in United States v. Bastion, that it typically is an error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court. That's certainly the case here. In fact, if anything, the weight of the case also suggests that such a practice is permissible. If the Court has no further questions, I'll reserve, I'll rest on my papers. Thanks very much. Thank you, Your Honor. Your Honors, thank you. Just a few quick points. First, there is a dispute with respect to the application of the District Court's rationale for deeming the prior burglary a crime of violence simply because the Court's only stated reason was not that it was enumerated in the guideline at the time, which it was, but that she had a residual rationale because it could have caused somebody potential injury, and thank goodness it didn't, and that was error by itself. Second... Why does that... How could that possibly matter? Well, because... I think this is a crime of violence because it's a crime of violence under a very complicated rule that maybe would have been unconstitutional except it isn't under Beckles, when in fact it's staring everyone in the face that it is a crime of violence category. Well, it was just a dispute, Judge. That's just a little dispute. The second is, his whole history, which is bad enough, I give you that, was property crimes, and this is the fact that his burglary conviction as the single crime in his whole long, sad history that is deemed a crime of violence shows that it's kind of out of character. It should be deemed a property crime because that's what he's always done. And the last thing is... Well, first, I think that you should defer to Sentencing Commission expertise even now, and in fact the panel in Welch did so with a 2012 sentencing when sending it back for a remand, and noting that, you know, under the 2016 amendments to the guidelines. So that's one reason. And second, in Dantzler, the court... Well, first, I understood that the government was complaining mostly in its brief that it couldn't be plain error because this court left the door open, as you mentioned. And I also understood in Dantzler that part of the reason for the remand was, and I quote, we're not in a position to decide the issue definitively because neither party has presented the argument on appeal, which is also the case here. This is an argument that should be considered by the district court in the first instance, even though we're back on some kind of technical basis because of the lack of Shepard documents, and I hope we'll get the chance. Thank you, Your Honors. Well argued by both sides. We appreciate it very much. We're in recess. Thank you, Your Honors. Court is adjourned in recess.